UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LANCE T. POSNER, an individual; EVA M. POSNER, an individual,

        Plaintiffs,

  vs.

RONALD T. ISRAEL, *et al.*,

        Defendants.

Case No.: 2:15-cv-00377-GMN-PAL

**ORDER**

Pending before the Court is the Motion to Dismiss (ECF No. 41) filed by Defendants, the Honorable Nevada Supreme Court Justices James W. Hardesty, Ron Parraguirre, Michael L. Douglas, Michael A. Cherry, Nancy M. Saitta, Mark Gibbons, and Kristina Pickering and the Honorable Eighth Judicial District Court Judge Ronald J. Israel[1] (collectively, "Defendants"). Plaintiffs Lance T. Posner and Eva M. Posner filed a Response (ECF No. 48), and Defendants filed a Reply (ECF No. 52).

**I.      BACKGROUND**

This action arises out of a state civil action ("State Action") filed against Plaintiffs. (*See* Compl., ECF No. 1). Defendant Judge Ronald J. Israel presided over the State Action, and after a bench trial, granted relief to the state court plaintiffs. (*Id.* ¶¶ 5–28). Plaintiffs appealed the decision, but the Nevada Supreme Court entered an Order of Affirmance. (*Id.* ¶¶ 29–38). Plaintiffs allege that Defendant Judge Israel "violated the [P]laintiffs' rights to due process of law" throughout the state court proceedings. (*Id.* ¶¶ 24–27). Moreover, Plaintiffs allege that the

---

[1] Defendants assert that Defendant Judge Ronald J. Israel is incorrectly named in Plaintiffs' Complaint as Ronald T. Israel.

Page 1 of 5

Nevada Supreme Court Justices "have also violated the [P]laintiffs' rights to due process of law." (*Id.* ¶¶ 35–38).

Plaintiffs filed the instant action on March 3, 2015, requesting "the issuance of a preliminary and permanent injunction against the [D]efendants precluding enforcement of a civil judgment obtained in violation of the [P]laintiffs' constitutional rights to due process of law and for vacating that same judgment as constitutionally void." (*Id.* at 11). Shortly thereafter the present Motion to Dismiss was filed, asserting, *inter alia*, that Plaintiffs' Complaint should be dismissed in its entirety because Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. (Mot. Dismiss 19:18–21:24, ECF No. 41).

## II.  LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may be construed in one of two ways. *Thornhill Publishing Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.* Or it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.* Unless subject matter jurisdiction is affirmatively pled, the court will presume that it lacks subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

When a court considers a 'facial' attack made pursuant to Rule 12(b)(1), it must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

Unlike a 'facial' attack, a 'factual' attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987). The opposing party must then "present affidavits or any other evidence necessary to satisfy its

burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair*, 880 F.2d at 201.  When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publishing Co., Inc.*, 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)).

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction … where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine*, 704 F.2d at 1077).  In such cases, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine*, 704 F.2d at 1077.

### III.  DISCUSSION

What has become known as the *Rooker–Feldman* doctrine arises from two United States Supreme Court decisions defining federal district court jurisdiction and the relationship between federal district courts and state courts.  Federal district courts possess "strictly original" jurisdiction, and thus have no power to exercise subject matter jurisdiction over a de facto appeal from a state court judgment. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).  Only the United States Supreme Court has jurisdiction to review such judgments. *Feldman*, 460 U.S. at 482.  The *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases

brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

"The clearest case for dismissal based on the *Rooker–Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision ….'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). In addition to barring de facto appeals from state court judicial decisions, the *Rooker–Feldman* doctrine forbids federal district courts from deciding issues "inextricably intertwined" with an issue the state court resolved in its decision. *Noel*, 341 F.3d at 1158. But the "inextricably intertwined" test comes into play only when the federal lawsuit "is at least in part a forbidden de facto appeal of a state court judgment, and an issue in that federal suit is 'inextricably intertwined' with an issue resolved by the state court judicial decision from which the forbidden de facto appeal is taken." *Id.* at 1165. If a plaintiff's suit falls within the *Rooker–Feldman* doctrine, then the district court must dismiss for lack of subject matter jurisdiction. *Kougasian*, 359 F.3d at 1139.

Here, Plaintiffs are essentially asking the Court to review the state courts' decisions in the State Action. However, this requested relief constitutes a forbidden de facto appeal of multiple state court orders. *See Noel*, 341 F.3d at 1163 (explaining that a de facto appeal occurs when a plaintiff complains of a "legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants"). To provide Plaintiffs with the relief sought would require this Court to analyze the state courts' alleged legal errors and void the original order and the appeal, which is equivalent to an appellate review falling squarely within the confines of *Rooker–Feldman.* Moreover, the Court may not review any issues "inextricably intertwined" with issues addressed by the State

Court. *See Doe v. Mann*, 415 F.3d 1038, 1042–43 (9th Cir.2005) (requesting that a federal district court undo a judgment based on an issue resolved by the state court constitutes a de facto appeal).  As such, Plaintiffs' claims are barred under the *Rooker–Feldman* doctrine and the Court accordingly dismisses Plaintiffs' Complaint with prejudice.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 41) filed by Defendants is **GRANTED**.

Accordingly, the instant action is dismissed with prejudice.  The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __10__ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge